**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**Philadelphia Division**

| | |
|---|---|
| Crescent Naima Parker,<br><br>*Debtor*. | Case No. 23-10488-PMM<br>Chapter 13 |

**Supplemental Objection to Certification of Default**

The Debtor's attorney combed her bank statements to find all records of payments made to the Movant since this case was filed on February 20, 2023. From that time until May 30, 2024, the Debtor caused payments to be made to the Movant in the amount of $11,637.91. An additional $2,909.43 was paid by the chapter 13 trustee upon agreement by stipulation. In all, the debtor caused payments to be made in the total amount of $14,547.34. During the same period, payments were due in the total amount of $14,540.67. However, it appears that many of the payments ($5,818.86), which were made by the Debtor using WSFS Bank's online bill payment service, were returned by the bank as undeliverable.

Given the circumstances, granting relief from the stay would not be appropriate. First, there is substantial equity in the property,[1] which means that the Movant has adequate protection. Second, even if there is no adequate protection, finding cause would be inappropriate because the Debtor did cause substantial payments to be made to the Movant consistent with her obligation. It was not the

---

[1] A recent Zillow search shows the estimated value of the property to be $164,000. Although the Court may not consider Zillow's listing as evidence of the property's value, it does justify the continuance of this matter to allow the Debtor to obtain an admissible appraisal if the Movant disputes this valuation.

Debtor's fault that the payments were returned. Of course, it was not the Movant's fault either. But the Movant does not have the cleanest hands possible. When the Debtor filed for bankruptcy, the Movant terminated her ability to pay directly on the Movant's website. That resulted in her having to make payments through her bank's online payment system. To allow relief under these circumstances would, in essence, allow the Movant to benefit from limiting the payment methods available to the Debtor.

The information before the Court shows that the Debtor has made a good-faith effort to do what is expected of her. The most equitable solution is for the Movant to allow all arrears as of the payment due on July 1, 2024, to be paid through the chapter 13 plan, and to allow the Debtor to make payments directly on the Movant's website beginning in August.

Date: July 9, 2024                             CIBIK LAW, P.C.
                                               *Attorney for Debtor*

                                               By: _____
                                               Mike Assad (#330937)
                                               1500 Walnut Street, Suite 900
                                               Philadelphia, PA 19102
                                               215-735-1060
                                               help@cibiklaw.com

2